**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION**

**CIVIL ACTION NO. 1:06CV-52-M**

**LEE ADAM GENTRY AND KENIA
CORDOVA GENTRY**                                                                  **PLAINTIFFS**

**V.**

**PAUL KIRKMAN, CAROL KIRKMAN,
THOMAS ALAN GENTRY, AND
TANYA DAWN GENTRY**                                             **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [DN 4] by Defendants, Paul Kirkman, Carol Kirkman, Thomas Alan Gentry, and Tanya Dawn Gentry. Fully briefed, this matter is ripe for decision. For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**.

**I. BACKGROUND**

This cases arises out of a dispute over a large tract of agricultural real property in Todd County, Kentucky. Plaintiffs, Lee Gentry and Kenia Cordova Gentry ("the Gentry Plaintiffs"), own an undivided 1/4 interest in the land. Lee Gentry is domiciled in New Mexico, while his spouse, Kennia Cordova Gentry, is domiciled in Arizona. Defendants, Thomas Alan Gentry and Tanya Dawn Gentry ("the Gentry Defendants"), likewise own an undivided 1/4 interest in the land. The Gentry Defendants are domiciled in Tennessee. Paul and Carol Kirkman ("the Kirkman Defendants") own an undivided 1/2 interest in the land.

All parties acquired the land via inheritance. The Kirkman Defendants are Kentucky domiciliaries. The parties are unable to agree on what to do with the land. Consequently, the Gentry Plaintiffs have filed this action to compel a judicial sale of the property pursuant to KRS 389A.030.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claim that would entitle it to relief. Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir.1996), cert. denied, 520 U.S. 1251 (1997). A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion based on a disbelief of a complaint's factual allegations. Wright v. MetroHealth Medical Center, 58 F.3d 1130, 1138 (6th Cir. 1995), cert. denied, 516 U.S. 1158 (1996). A Fed. R. Civ. P. 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief. Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir.1994).

The standard of review requires that a plaintiff plead more than bare legal conclusions. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir.1996). The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Gazette, 41 F.3d at 1064. "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Lillard, 76 F.3d at 726 (citation omitted). In deciding a motion to

dismiss, the Court may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken. Hirsch v. Arthur Anderson & Co., 72 F.3d 1085, 1092 (2d Cir.1995).

### III. DISCUSSION

In their motion, Defendants make two arguments as to why the case against them should be dismissed. First, the Defendants contend that the amount in controversy requirement is not met as the suit concerns which equitable remedy is appropriate. Second, the Defendants argue that Burford abstention is appropriate, which the Plaintiffs dispute.

The Court agrees with the Defendants that it should not hear this case. KRS 389A.030, the statute at issue, specifically cites the "Circuit Court of the county in which the land, or greater part thereof lies" as the appropriate forum for this type of suit. The statute, in fact, is entitled "Action in Circuit Court for sale or division of property." There could be no greater signal from the Kentucky legislature that it desired for property disputes to be decided on a local basis, following procedures prescribed in the statute. If the Court were to hear the case, it would be undermining the legislature's intent in adopting KRS 389A.030. Indeed, the Court has located only one instance in which a federal court in Kentucky has heard a matter concerning KRS 389A.030, and, in that case, the federal court had subject matter jurisdiction. Clearly, federal courts should not entertain suits of this nature. Moreover, the circuits courts of Kentucky have acquired a degree of specialized knowledge in this area that renders them better able to adjudicate disputes such as the one at issue here. Thus, the Court declines to hear this dispute as the suit must be filed in Todd Circuit Court.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [DN 4] is **GRANTED**.

cc: counsel of record
06cv-052Gentry